FRANK W. GOODWIN, by next friend,

*vs.*

INHABITANTS OF CHARLESTON.

Penobscot.    Opinion December 11, 1905.

*Infant.   Tuition Voluntarily Paid.   Infant Cannot Maintain an Action Therefor.*
*Contract.   R. S., c. 15, § 63.*

Under the provisions of section 63, chapter 15, R. S., a minor, residing with
his father, who never undertook to make any contract in his own behalf
respecting his tuition at a school attended by him, and who personally
incurred no legal indebtedness, made no expenditure and sustained no
loss, cannot maintain an action against a town to recover the amount
voluntarily paid as tuition for him to such school, by his father.

On exceptions by plaintiff.    Overruled.

Action to recover the sum of $13.50 paid by the plaintiff's father
to the Higgins Classical Institute as tuition for the plaintiff, a minor
residing with his father, as a pupil in said Institute during the fall
and winter terms, 1903 and 1904.

The case is fully stated in the opinion.

*Taber D. Bailey*, for plaintiff.

*P. H. Gillin*, for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
PEABODY, JJ.

WHITEHOUSE, J.    It is provided by section 63, chapter fifteen of
the revised statute, that "any youth who resides with a parent or
guardian in any town which does not support a free high school giv-
ing at least one four years' course properly equipped and teaching
such subjects as are taught in secondary schools of standard grade in
this state may, when he shall be prepared to pursue such four years'
course, attend any school in the state which does have such a four
years' course and to which he may gain entrance by permission of
those having charge thereof, *provided* said youth shall attend a school
or schools of standard grade which are approved by the state super-
intendent of public schools.    In such case the tuition of such youth,

not to exceed thirty dollars annually for any one youth, shall be paid by the town in which he resides as aforesaid."

The plaintiff was a minor of the age of seventeen years residing with his father in the defendant town of Charleston, which did not maintain a free high school giving at least one four years' course. During the school year 1902-3, the plaintiff attended the Higgins Classical Institute in Charleston, a school of standard grade approved by the State Superintendent of Schools. According to the practice prevailing in that institution, he was permitted to enter and pursue his studies through this freshman year without any certificate of qualification from the school committee of the town. On the twenty-sixth day of December, 1903, the plaintiff took an examination before the school committee of the town, but failed to receive from that board a certificate of qualification to enter Higgins Classical Institute. Notwithstanding this fact, by permission of those having charge of the Institute, the plaintiff entered upon his second or sophomore year in that school and maintained "good rank" in his studies during the fall and winter terms of that year. Although requested, the town officers refused to pay the plaintiff's tuition for those two terms, and the amount was thereupon paid to the Institute by the plaintiff's father. This action was brought in the name of the plaintiff by his next friend to recover from the town the amount thus voluntarily paid by his father. The presiding Justice ruled that this action in the name of the plaintiff was not maintainable and ordered judgment for the defendant. The case comes to this court on exceptions to this ruling.

It is the opinion of the court that the ruling of the presiding Justice was correct. Whether or not under the provisions of the statute above quoted, the Higgins Classical Institute could have maintained an action to recover the tuition of a pupil who was thus permitted to enter the school without a certificate of qualification from the school committee, if the amount had not been paid by the pupil's father, and whether under the same circumstances the father could have maintained an action against the town in his own name for the tuition thus paid by him, are questions not now before the court. The only question now presented for determination is whether this action

brought in the name of the pupil himself by his next friend, can be maintained to recover from the town the amount of the tuition voluntarily paid to the Institute by his father, and our conclusion is that the situation disclosed by the evidence constitutes no legal basis for the plaintiff's action. He was a minor and never undertook to make any contract in his own behalf respecting his tuition at the Institute. He personally incurred no legal indebtedness, made no expenditure, sustained no loss and acquired no right of action. The entry must therefore be,

*Exceptions overruled.*